Danny Newman, WSBA 61824
   Email: danny.newman@tonkon.com
   Direct: 503.802.2089
Ava Schoen, admitted *Pro Hac Vice*
   Email: ava.schoen@tonkon.com
   Direct: 503.802.2143
Christopher Pallanch, WSBA 45859
   Email: christopher.pallanch@tonkon.com
   Direct: 503.802.2104
888 SW Fifth Avenue, Suite 1600
Portland, OR 97204
   Main: 503.221.1440
   Facsimile: 503.274.8779
*Attorneys for Debtors*

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| REFRESHING USA, LLC,<br><br>Debtors[1]. | Lead Case No. No. 24-01863-11<br><br>(Jointly Administered) |
| In re<br><br>WATER STATION MANAGEMENT LLC, | Adversary No.<br><br>**ADVERSARY COMPLAINT AGAINST RIVERSIDE CAPITAL NY LLC** |

[1] Debtors and debtors-in-possession in these Chapter 11 cases ("Bankruptcy Case(s)"), along with the last four digits of their respective Employer Identification Numbers, are as follows: Refreshing USA, LLC (85-3358945) ("Refreshing"), Case No. 24-01863-11; Water Station Management LLC (81-1202716) ("Water Station"), Case No. 24-01864-11; and Creative Technologies, LLC (46-2581888) ("Creative" and, together with Refreshing and Water Station, "Debtors"), Case No. 24-01866-11. Debtors' mailing address is: 2732 Grand Ave., Ste. 122, Everett, WA 98201.

ADVERSARY COMPLAINT – PAGE 1

Plaintiff[2],

v.

RIVERSIDE CAPITAL NY LLC,

Defendant.

Comes now Plaintiff Water Station Management LLC ("Water Station") and alleges the following causes of action:

## I. INTRODUCTION

1.1 Between January and July 2023, non-parties[3] Refreshing, Creative, and a number of non-party guarantors entered into a merchant cash advance agreement with Defendant Riverside Capital NY LLC ("Riverside Capital").

1.2 In February 2024, a trial court in Connecticut issued an ex parte judgment against Plaintiff Water Station for the purported debt of the non-parties from the merchant cash advance agreement. As a result of that order, almost $7 million was swept from Water Station's bank account.

1.3 Because Water Station was not a party to or guarantor of the merchant cash advance agreement, the transfer should be set aside and the money returned to the Debtor/Plaintiff Water Station because it was a constructive fraudulent conveyance, or at least because Riverside Capital has been unjustly enriched by roughly $7 million at Water Station's expense.

[2] Debtor and debtor-in-possession in this Chapter 11 case, along with the last four digits of its Employer Identification Numbers, is Water Station Management LLC (81-1202716) ("Water Station"), Case No. 24-01864-11. This proceeding has been consolidated. The other entities (which are not parties in this proceeding) are Refreshing USA, LLC (85-3358945) ("Refreshing"), Case No. 24-01863-11; and Creative Technologies, LLC (46-2581888) ("Creative"), Case No. 24-01866-11.

[3] Refreshing and Creative are non-parties to this adversary complaint. As referenced in FN 1, those two entities are debtors in the consolidated proceeding.

ADVERSARY COMPLAINT – PAGE 2

## II.  JURISDICTION, VENUE, PARTIES

2.1     This action arises under Rule 7001 of the Federal Rules of Bankruptcy Procedure and seeks to avoid, recover, and preserve estate property either transferred or currently held by Defendant pursuant to 11 U.S.C. § 542, 547, 548, 550, and 551.

2.2     This adversary matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (C), (E), (H), and (K).

2.3     This Court has jurisdiction pursuant to 28 U.S.C. § 1334.

2.4     Venue is proper as set forth in 28 U.S.C. § 1409.

2.5     Plaintiff is a Washington limited liability company which was placed into involuntary Chapter 11 bankruptcy proceedings on August 27, 2024, and then was converted into voluntary Chapter 11 bankruptcy proceedings on October 23, 2024.

2.6     Upon information and belief, Riverside Capital is a limited liability company organized under the laws of the State of Connecticut.  Upon information and belief, Riverside Capital's sole member is MCA Receivables Group, LLC, which is a Delaware limited liability company whose sold member is a citizen of Florida.

## III.  FACTS

3.1     Water Station is or was a company formed to service certain water vending machines.  Water Station was owned in part by non-party Ryan Wear ("Wear") and in part by non-party Summit Management Services LLC.  Summit Management Services LLC was itself owned in part by Ryan Wear and in part by Richard Wear (Wear's father).

ADVERSARY COMPLAINT – PAGE 3

3.2 Wear also owned several other entities and companies. Many of those companies were interrelated; some were independent; and a number were in the vending machine space.

3.3 Wear caused some of these entities and companies, but not all, to enter into arrangements with Defendant Riverside Capital. Water Station was not a party to the Riverside agreement. Refreshing USA, LLC and 38 other affiliated companies or entities sold a portion of their future revenue streams at a discount to the Defendant. The purchases by the Defendant were not a loan and there was no interest rate being charged. For example, Riverside Capital might purchase a certain percentage of future receipts from vending machines (or from a collection of vending machines). That appears to be what happened here.

3.4 On January 20, 2023, Wear caused non-party Refreshing USA, LLC and 38 other affiliated companies or entities to enter into a "Purchase and Sale of Future Receivables" with Riverside Capital. Riverside Capital paid $750,000 and received the right to payment of $1,087,500.00 in future receivables. A true and correct copy of the January 20, 2023, Purchase and Sale Agreement is attached hereto as Exhibit 1 and incorporated by this reference as if set forth in full herein. The 38 affiliated companies or entities caused to enter into the Purchase and Sale Agreement included the following:

    a. 1118 Virgina Street LLC
    b. 11519 South PetroPark, LLC
    c. 1206 Hewitt Ave LLC
    d. 2129 Andrea Lane, LLC
    e. 3209 Van Buren LLC
    f. 3422 W Clarendon Ave, LLC
    g. Absolute Vending, LLC
    h. Aqua Stations LLC
    i. Arizona Water Vendors Incorporated
    j. Aurora Building Products LLC

ADVERSARY COMPLAINT – PAGE 4

k. Big Bobs Flooring Co. of Washington LLC
l. Crystal Clear Water Service LLC
m. Emery Development LLC
n. Golden State Vending, LLC
o. Honor Refreshments, LLC
p. Ideal Property Investments, LLC
q. K-2 Acquisition, LLC
r. NV Distribution
s. Pinnacle Management Services, LLC
t. R W Services
u. Refreshing California L.L.C.
v. Refreshing Carolinas LLC
w. Refreshing Florida LLC
x. Refreshing Great Lakes, LLC
y. Refreshing Montana, LLC
z. Refreshing Texas, LLC
aa. Ryan Wear LLC
bb. Snack Pro Vend
cc. Summit Management Services LLC
dd. Summit Vending Inc
ee. TCR Plumbing LLC
ff. Vend Depot LLC
gg. Vending Management LLC
hh. Vista Ventures, LLC
ii. Water Purification Technologies LLC
jj. Waterstion Techventure LLC
kk. Zenith Properties, LLC

3.5     A Bank of America bank account was linked to the transaction, so that Riverside Capital could withdraw certain funds from the "Merchant" (in this particular case, Refreshing USA, LLC and the 38 other companies or entities, but, critically, not Water Station) that they received on account of the receivables sold. The Refreshing USA, LLC's bank account from which Defendant withdrew these funds was a Bank of America bank account ending in 7830.

///

ADVERSARY COMPLAINT – PAGE 5

3.6 Additionally, the 38 other companies or entities guaranteed the future receivables sale. (*See* Exhibit 1.) Again, though, Water Station was not one of those entities.

3.7 On July 6, 2023, Wear caused non-party Creative Technologies, LLC and 21 other companies or entities to enter into a "Purchase and Sale of Future Receivables" with Riverside Capital. Riverside Capital paid $6,000,000 and received the right to payment of $8,994,000 in future receivables. A true and correct copy of the July 6, 2023, Purchase and Sale Agreement is attached hereto as Exhibit 2 and incorporated by this reference as if set forth in full herein. The 21 other affiliated companies or entities caused to enter into the Purchase and Sale Agreement included the following:

a. 1118 Virgina Street LLC
b. 11519 South PetroPark, LLC
c. 1206 Hewitt Ave LLC
d. 2129 Andrea Lane, LLC
e. 3209 Van Buren LLC
f. 3422 W Clarendon Ave, LLC
g. Aqua Stations LLC
h. Arizona Water Vendors Incorporated
i. Aurora Building Products LLC
j. Big Bobs Flooring Co. of Washington LLC
k. Crystal Clear Water Service LLC
l. Emery Development LLC
m. Ideal Property Investments, LLC
n. K-2 Acquisition, LLC
o. Pinnacle Management Services, LLC
p. Pinnacle Property Holding Company, LLC
q. R W Services
r. TCR Plumbing LLC
s. Water Purification Technologies LLC
t. Waterstation Techventure LLC
u. Zenith Properties, LLC

ADVERSARY COMPLAINT – PAGE 6

3.8    Two Bank of America bank accounts were linked to the July 6, 2023, transaction, so that Riverside Capital could withdraw certain funds from the "Merchant" (for this particular case: Creative Technologies, LLC and 21 other companies or entities, but, again critically, not Water Station).  The Bank of America bank accounts for the July 6, 2023, transaction ended in 6352 and 7830 (this latter bank account being the same as with the January 20, 2023, Purchase and Sale Agreement).

3.9    Additionally, the 21 other companies or entities guaranteed the future receivables sale of July 6, 2023.  A different entity, "Waterstation Techventure LLC" is a guarantor.  That entity is not Plaintiff Water Station, and indeed, Plaintiff Water Station is not a party to the July 6, 2023, agreement.

3.10   On or around February 2, 2024, Riverside Capital initiated a lawsuit against Water Station Management LLC and Wear in the Superior Court in Connecticut.  Riverside Capital alleged that Water Station was the "seller" of the future receivables in the July 6, 2023, agreement with Riverside, and that Wear was a guarantor.  Attached to the Riverside Complaint as Exhibit A is the July 6, 2023, Agreement, showing Creative Technologies LLC as the seller/merchant, but not listing Water Station Management LLC as a party or as a guarantor.

3.11   Even with these deficiencies on the face of the Complaint and the accompanying material, Riverside Capital apparently obtained a prejudgment order in Connecticut, authorizing it to secure via prejudgment process the sum of $6,908,522.

3.12   Upon information and belief, Riverside Capital sent documentation to Bank of America seeking to garnish Water Station's bank account.  Neither Water Station nor its bank account number ending in 5591 were included in any of the contracts with Riverside Capital.  Nevertheless, pursuant to the judgment obtained

ADVERSARY COMPLAINT – PAGE 7

by Riverside Capital on February 5, 2025, Bank of America transferred $6,908,522 from Water Station's bank account to three other bank accounts that, upon information and belief, belong or are under the control of Riverside Capital.

### IV.  FIRST CLAIM FOR RELIEF

### (Fraudulent Transfer; 11 U.S.C. § 548(a)(1))

4.1    Plaintiff realleges the above paragraphs as if set forth in full herein.

4.2    The transfer of Water Station's money to Riverside Capital was made or incurred within 2 years before the date of the filing of the bankruptcy petition.

4.3    The transfer of Water Station's money was involuntary.

4.4    Water Station received no reasonably equivalent or any value for the transfer, nor was the transfer related to any antecedent obligation of its own.

4.5    Upon information and belief, Riverside Capital caused the transfer to be made because it believed that Water Station or Wear would incur or had incurred debts beyond their ability to pay as such debts matured.

4.6    Additionally, both before and after the transfer, Water Station was insolvent.

4.7    Water Station is entitled to avoid the transfer and a declaration that the transfer is void.

### V.  SECOND CLAIM FOR RELIEF

### (Unjust Enrichment)

Plaintiff realleges the above paragraphs as if set forth in full herein.

5.1    A benefit was conferred upon Riverside Capital in the amount of $6,908,522 when Riverside Capital acquired that money from Water Station.

5.2    Riverside Capital was aware of the benefit it received, as it took express actions to cause the $6,908,522 to be transferred from Water Station's bank account to Riverside Capital's bank accounts.

ADVERSARY COMPLAINT – PAGE 8

5.3    It would be unjust to allowed Riverside Capital to retain the money because Riverside Capital had no right to it in the first place.  Water Station was not a seller, merchant, or guarantor (or even a party) under any agreement with Riverside Capital.

5.4    Water Station has been injured in an amount to be proven at trial, currently estimated to be at least $6,908,522 together with pre- and post-judgment interest on the amount from and after the date that Riverside Capital took the funds.

<b>PRAYER FOR RELIEF</b>

WHEREFORE, Water Station requests the following relief:

A.    Judgment in its favor and against Riverside Capital in the amount of $6,908,522, together with pre- and post-judgment interest thereon;

B.    An order avoiding and setting aside the transfer of funds from Water Station to Riverside Capital;

C.    A declaration that the transfer of funds from Water Station to Riverside Capital was a fraudulent transfer; and

D.    Such other and further relief as the Court deems just and proper.

DATED: April 3, 2025.

TONKON TORP LLP


By:    *s/ Danny Newman*
       Danny Newman, WSBA 61824
       Ava Schoen, admitted Pro Hac Vice
       Christopher J. Pallanch, WSBA 45859
       *Attorneys for Debtor*

ADVERSARY COMPLAINT – PAGE 9