Danny Newman, WSBA 61824
  Email: danny.newman@tonkon.com
  Direct: 503.802.2089
Ava Schoen, admitted *Pro Hac Vice*
  Email: ava.schoen@tonkon.com
  Direct: 503.802.2143
Christopher Pallanch, WSBA 45859
  Email: christopher.pallanch@tonkon.com
  Direct: 503.802.2104
1300 SW Fifth Avenue, Suite 2400
Portland, OR 97201
  Main: 503.221.1440
  Facsimile: 503.274.8779
*Attorneys for Plaintiff*

**HONORABLE FREDERICK P. CORBIT**

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| REFRESHING USA, LLC,<br><br>Debtors[1]. | Lead Case No. No. 24-01863-11<br><br>(Jointly Administered) |
| In re<br><br>WATER STATION MANAGEMENT LLC, | Adversary No. 2:25-ap-80017-FPC<br><br>**PLAINTIFF WATER STATION MANAGEMENT LLC'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** |

---

[1] Debtors and debtors-in-possession in these Chapter 11 cases ("Bankruptcy Case(s)"), along with the last four digits of their respective Employer Identification Numbers, are as follows: Refreshing USA, LLC (85-3358945) ("Refreshing"), Case No. 24-01863-11; Water Station Management LLC (81-1202716) ("Water Station"), Case No. 24-01864-11; and Creative Technologies, LLC (46-2581888) ("Creative" and, together with Refreshing and Water Station, "Debtors"), Case No. 24-01866-11. Debtors' mailing address is: 2732 Grand Ave., Ste. 122, Everett, WA 98201.

PLAINTIFF WATER STATION MANAGEMENT LLC'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT – PAGE 1

Plaintiff[2],

v.

RIVERSIDE CAPITAL NY LLC,

Defendant.

Plaintiff Water Station Management LLC ("Water Station" or "Plaintiff") submits this Reply Memorandum in Support of its Motion for Partial Summary Judgment.

## I. INTRODUCTION

Water Station seeks partial summary judgment on its first claim for relief: that the transfer of almost $7 million of Water Station's money to Defendant Riverside Capital NY LLC ("Riverside Capital") constituted a fraudulent conveyance under the Bankruptcy Code and that transfer should be avoided. Riverside Capital has not presented any valid reason to delay entering partial summary judgment in Plaintiff's favor. Riverside Capital has not contested any fact or legal theory included in Plaintiff's motion for partial summary judgment, and Riverside Capital has not identified any reason why it needs discovery to present facts essential to any opposition, as required by Fed. R. Bankr. P. 7056 and Fed. R. Civ. P. 56(d).

As explained in Water Station's motion, all of the elements for establishing an avoidable fraudulent conveyance have been established, and Riverside Capital

---

[2] Debtor and debtor-in-possession in this Chapter 11 adversary proceeding, along with the last four digits of its Employer Identification Numbers, is Water Station Management LLC (81-1202716) ("Water Station"), Case No. 24-01864-11. This proceeding has been consolidated. The other entities (which are not yet parties in this proceeding) are Refreshing USA, LLC (85-3358945) ("Refreshing"), Case No. 24-01863-11; and Creative Technologies, LLC (46-2581888) ("Creative"), Case No. 24-01866-11.

PLAINTIFF WATER STATION MANAGEMENT LLC'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT – PAGE 2

has chosen not to engage on the merits, presumably because there is no defense. Accordingly, Water Station's motion for partial summary judgment should be granted.

## II. ARGUMENT

Riverside Capital makes two points in response to Water Station's motion, both of which should be rejected as follows: (a) the motion for leave to amend the complaint does not impact the claim on which Water Station seeks summary judgment, and (b) discovery is not necessary because Riverside has not described any fact that it might learn that could create a genuine issue of material fact.

### A. Plaintiff's Motion for Leave to file a second amended complaint does not affect the pending Motion for Partial Summary Judgment.

First, Riverside Capital suggests that the request to file a second amended complaint should delay the proceedings. Not so. As an initial matter, Riverside Capital has so far refused to take a position on the proposed amended pleading. (*See* P.'s Mtn. for Leave to Amend Amended Adversary Complaint ("Motion for Leave") [ECF No. 18] at 2, n.3 (noting that during conferral, "[c]ounsel for Riverside Capital neither objected nor were able to confirm whether or not they would consent to the filing of the amended pleading")). As a result, the proposed second amended complaint is just that, proposed, but not yet operative.

In any event, the proposed second amended complaint does not alter the claim for relief that is the subject of the pending motion for partial summary judgment. Water Station moved for summary judgment as to its first claim for relief, to avoid the transfer of nearly $7 million from Water Station to Riverside Capital. (*See* Motion for Partial Summary Judgment [ECF No. 13] at 2; Amended

PLAINTIFF WATER STATION MANAGEMENT LLC'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT – PAGE 3

TONKON TORP LLP
1300 SW FIFTH AVE., SUITE 2400
PORTLAND, OR 97201
503.221.1440

25-80017-FPC    Doc 21    Filed 08/01/25    Entered 08/01/25 14:58:02    Pg 3 of 8

Complaint [ECF No. 8] at 9 – 10, ¶¶ 4.1 – 4.7.) That claim for relief is unchanged in the proposed second amended complaint. (*See* Motion for Leave [ECF No. 18], Ex. 1 [Proposed Second Amended Complaint] at 15, ¶¶ 4.1 – 4.7.)[3] Accordingly, the filing (or not) of the proposed second amended complaint has no effect on the facts or legal theories of the subject motion for partial summary judgment, and it cannot be a reason to delay ruling on the pending motion for partial summary judgment.

B. **Riverside Capital's suggestion that a non-party should be deposed prior to considering the motion does not meet the requirements of Bankruptcy Rule 7056 and FRCP 56(d) and provides no proper basis for delay.**

Next, Riverside Capital suggests that ruling on the motion should be delayed while discovery proceeds, and in particular, non-party Ryan Richard Wear (who signed the merchant cash advance agreements with Riverside Capital) should be deposed. Bankruptcy Rule 7056 (which, except for the filing deadline, incorporates FRCP 56) requires more before allowing for delay. Under FRCP 56, a nonmovant may oppose summary judgment by affidavit or declaration only if it shows "specified reasons" why "it cannot present facts essential to justify its opposition." *See* Fed. R. Bank. P. 7056; Fed. R. Civ. P. 56(d). Riverside Capital did not do this.

As the Ninth Circuit has explained, a party seeking to delay summary judgment for further discovery "must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist;

---

[3] There are two minor editorial differences in the relevant paragraphs of the first claim for relief – in paragraph 4.2 of the proposed Second Amended Complaint, the words "of almost 7 million" were added. Additionally, "Plaintiff" was updated to "Water Station" in paragraph 4.3 of the Second Amended Complaint to eliminate any ambiguity in light of the new parties to be added. Neither difference is substantive.

PLAINTIFF WATER STATION MANAGEMENT LLC'S REPLY IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT – PAGE 4

and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). "Failure to comply with these requirements is a proper ground for denying discovery and proceeding to summary judgment." *Id.* (internal quotation omitted).

Here, Riverside Capital has done nothing more than state it wants to take Mr. Wear's deposition, but that is not enough. Riverside Capital does not explain what the specific facts are that it hopes to elicit from Mr. Wear, whether those facts sought exist, or how any specific facts that may come from Mr. Wear's testimony would alter the analysis of the motion or how that testimony is needed to oppose the pending motion.

At a more fundamental level, Mr. Wear's testimony is not necessary because Riverside Capital itself was the counterparty to the pertinent communications and agreements with Mr. Wear. That is, the agreements, payments, and communications were between Mr. Wear and Riverside Capital. Riverside Capital would thus already have in its possession all of the necessary facts to oppose the pending motion if there were any basis to do so. At the least, Riverside Capital should well know what facts it hopes to elicit from Mr. Wear given that Riverside Capital was the party that had the relevant communications with Mr. Wear. Because Riverside Capital chose to present no such explanation of any facts, let alone any defensible conduct or context, there is no basis to delay ruling on the motion now.[4]

---

[4] In its Response, Riverside Capital refers to a declaration of Joel Getter. (*See* D.'s Response [ECF No. 19] at 3.) No such declaration was served or appears on the case's docket. Even so, the citation in the Response suggests that Mr. Getter's declaration establishes only that Mr. Wear

PLAINTIFF WATER STATION MANAGEMENT LLC'S REPLY IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT – PAGE 5

1. Additionally, allowing a delay would prejudice the companies and the creditors in the debtors' bankruptcy cases. As with many bankruptcy cases, time is of the essence, as any delay in proceedings may allow or facilitate the dissipation of assets from third parties (such as Riverside Capital) that otherwise would be collected for the benefit of creditors. Having this judgment puts the debtors' proposed liquidating trust on stronger footing as it begins its work trying to recover some of $400 million in lost capital Debtors defrauded from its creditors. The risk of delay is exacerbated in cases like the one here, where there is no question that the underlying transaction constituted a fraudulent conveyance. Riverside Capital certainly puts up no substantive defense in its response to the motion for partial summary judgment, and the most that can be gleaned from Riverside Capital's Answer is that it "denies that the transfer [from Water Station to Riverside Capital] was only Water Station's money." (*See* Answer [ECF No. 12] ¶ 4.2.) Of course, in connection with its motion, Water Station included the records demonstrating that (1) Water Station itself was not a party or guarantor to any of the transactions with Riverside Capital, and (2) the bank transfers were, in fact, from Water Station's accounts to Riverside Capital. Delaying the ruling puts at risk the collection of assets for the benefit of creditors, and there is no valid reason to delay in ruling on Water Station's motion for partial summary judgment now.

## III. CONCLUSION

Plaintiff Water Station's motion for partial summary judgment establishes that the transfer of almost $7 million from Water Station to Defendant Riverside Capital should be set aside because the transfer constitutes a fraudulent conveyance

---

was the individual who signed a Settlement Agreement. The Response does not contain argument that Mr. Wear would provide other or different information that would be pertinent to the pending motion for partial summary judgment.

PLAINTIFF WATER STATION MANAGEMENT LLC'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT – PAGE 6

under the Bankruptcy Code. Defendant Riverside Capital does not oppose the merits of Plaintiff Water Station's motion for summary judgment. Rather, Riverside Capital raises two procedural arguments in its response brief, and neither has merit. First, the motion for partial summary judgment is limited to an un-amended claim, and any request to file a further amended complaint does not affect the underlying motion for partial summary judgment. Second, Riverside Capital has not set forth in an affidavit the specific facts it hopes to elicit in discovery, that those facts exist, and that the sought-after facts are essential to overcoming summary judgment. Thus, Riverside Capital's procedural defenses are themselves procedurally deficient. There is no question of fact on the substantive merits of the first claim for relief, and there is no reason to delay ruling on the motion for partial summary judgment. Accordingly, Water Station's motion for partial summary judgment should be granted.

DATED: August 1, 2025.

TONKON TORP LLP

By: *s/Christopher Pallanch*
Danny Newman, WSBA 61824
Email: danny.newman@tonkon.com
Direct: 503.802.2089
Ava Schoen, admitted *Pro Hac Vice*
Email: ava.schoen@tonkon.com
Direct: 503.802.2143
Christopher Pallanch, WSBA 45859
Email: christopher.pallanch@tonkon.com
Direct: 503.802.2104
1300 SW Fifth Avenue, Suite 2400
Portland, OR 97201
Main: 503.221.1440
Facsimile: 503.274.8779
*Attorneys for Plaintiff*

PLAINTIFF WATER STATION MANAGEMENT LLC'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT – PAGE 7

TONKON TORP LLP
1300 SW FIFTH AVE., SUITE 2400
PORTLAND, OR 97201
503.221.1440

25-80017-FPC    Doc 21    Filed 08/01/25    Entered 08/01/25 14:58:02    Pg 7 of 8

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** was served on the defendant by electronic means through the court's case management/electronic case file system on the date set forth below.

DATED: August 1, 2025.

TONKON TORP LLP

By: *s/Christopher Pallanch*
Danny Newman, WSBA No. 61824
Ava Schoen, admitted *Pro Hac Vice*
Christopher Pallanch, WSBA 45859

*Attorneys for Plaintiff*

044904\00001\18618431v5

PAGE 1 OF 1 – CERTIFICATE OF SERVICE