**So Ordered.**

**Dated: August 14th, 2025**



**Frederick P. Corbit
Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>REFRESHING USA, LLC; WATER STATION MANAGEMENT, LLC; and CREATIVE TECHNOLOGIES, LLC,<br><br>Debtors. | Case No. 24-01863-FPC11<br>(Jointly Administered) |
| WATER STATION MANAGEMENT, LLC,<br><br>Plaintiff,<br><br>v.<br><br>RIVERSIDE CAPITAL NY, LLC,<br><br>Defendant. | Adversary No. 25-80017-FPC<br><br>**ORDER GRANTING WATER STATION MANAGEMENT, LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

THIS MATTER came before the Court on the Motion for Partial Summary Judgment ("Motion") filed by Plaintiff Water Station Management, LLC ("Water Station"). (ECF No. 13) The Motion seeks summary judgment on Water Station's first claim for relief for fraudulent transfer, as alleged in Water Station's Amended Complaint. (ECF No. 8) Defendant Riverside Capital NY, LLC ("Riverside") objected to the Motion. (ECF No. 19)

ORDER GRANTING PARTIAL SUMMARY JUDGMENT - 1

On August 12, 2025, the Court held a hearing on the Motion. Present were counsel for Water Station and Riverside. The Court heard the parties' arguments, is fully advised in the premises, and grants the Motion based on the reasoning set forth below.

## MEMORANDUM DECISION

*Background*

This adversary proceeding arises out of a jointly administered involuntary bankruptcy estate concerning three debtor corporations: (i) Refreshing USA, LLC; (ii) Creative Technologies, LLC; and (iii) Water Station Management, LLC. Ryan Wear was the principal of the three debtor corporations.

On April 3, 2025, Water Station filed an adversary complaint against Riverside.

Before Riverside answered the complaint, Water Station filed an Amended Complaint on April 28, 2025. The basis of the amended complaint was that Ryan Wear, owner and operator of Water Station, Creative Technologies, and Refreshing USA, entered in agreements between several of his entities and Riverside. The agreements essentially sold a portion of Mr. Wear's various entities' future revenue streams to Riverside. Debtors allege that Refreshing USA and Creative Technologies were parties to such an agreement, but Water Station never sold a portion of future revenues to Riverside. Debtors also allege Water Station never

ORDER GRANTING PARTIAL SUMMARY JUDGMENT - 2

agreed to guarantee the other Wear entities' agreements with Riverside. Nevertheless, Riverside initiated a state court lawsuit against Water Station in Connecticut, seeking to recover from Water Station funds which were advanced to other entities. Shortly after the Connecticut action was filed, Mr. Wear executed a settlement agreement on behalf of Water Station, agreeing to transfer $6,908,522 to Riverside in exchange for a release of all claims against Water Station and the non-parties in the Connecticut action. Water Station asserts this transfer was made at a time when Water Station was insolvent, and occurred approximately eight months before the bankruptcy court entered an Order for Relief in Water Station's involuntary bankruptcy case.

Based on these facts, Water Station alleged two claims: (i) Riverside fraudulently transferred $6,908,522; and (ii) Riverside was unjustly enriched by the transfer of Water Station's funds to Riverside's accounts.

Riverside filed an answer to the complaint on May 19, 2025.

On June 3, 2025, Water Station filed the Motion, seeking summary judgment on the fraudulent transfer claim. Water Station attached a Statement of Undisputed Facts to the Motion. (ECF No. 13-1) The Statement of Undisputed Facts, and the basis for the Motion, was supported by uncontroverted declarations by Brian Weiss and Christopher Pallanch. (ECF No. 13-1, Exhs. 2, 9) The Motion,

and Statement of Undisputed Facts, repeat the same facts set forth in the Amended Complaint.

Before Riverside responded to the Motion, Water Station filed a Motion for Leave to Amend the Complaint ("Motion for Leave"). (ECF No. 18) The Motion for Leave does not modify the first cause of action regarding the alleged $6,908,522 fraudulent transfer. Rather, the Motion for Leave sought to add plaintiffs Refreshing USA, LLC and Creative Technologies, LLC, the other two debtors in the jointly administered estate. Furthermore, the Motion for Leave sought to add a third claim for relief regarding a separate fraudulent transfer claim for $3,517,709. The Motion for Leave remains pending at the time of this order.

On July 18, 2025, Riverside filed a response to the Motion. Riverside did not provide any substantive argument or objection to any alleged fact. Rather, Riverside objected on the basis that granting summary judgment would be premature. Specifically, Riverside asserted that deposing Mr. Wear is necessary to analyze the fraudulent transfer claim. However, Riverside did not explain what specific facts it would elicit from Mr. Wear's testimony, or how those facts would affect the outcome of the Motion or the case. Riverside additionally asserted that granting summary judgment would be improper given Water Station's pending Motion for Leave.

Water Station replied to Riverside's objection on August 1, 2025.

ORDER GRANTING PARTIAL SUMMARY JUDGMENT - 4

## *Summary Judgment Standard*

Summary judgment is properly granted when no genuine issues of disputed material fact exist, and, when viewing the evidence most favorably to the non-moving party, the movant is entitled to prevail as a matter of law. Civil Rule 56 (made applicable in adversary proceedings by Rule 7056); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Instead, to defeat summary judgment, the disputed fact must material, or a fact "that may affect the outcome of the case." *Id.* at 248.

"If a nonmovant shows by affidavit or declaration that, for *specified reasons*, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Civil Rule 56(d) (emphasis added).

When a party fails to properly address an asserted fact, the court may: (1) give the party an opportunity to properly support or address the fact; (2) consider the fact undisputed; (3) grant summary judgment if the motion and supporting materials show that the movant is entitled to it; or (4) issue any other appropriate order. Civil Rule 56(e).

ORDER GRANTING PARTIAL SUMMARY JUDGMENT - 5

### *Partial Summary Judgment is Warranted*

Water Station is entitled to partial summary judgment on its first claim for relief for several reasons.

First, Riverside's objection failed to raise a genuine issue of material fact. Riverside did not raise a specific objection to any fact alleged in Water Station's Statement of Undisputed Facts. Nor did Riverside explain how any of the unknown facts within Mr. Wear's knowledge would be material to the outcome of this case. On this basis, the Court may properly consider Water Station's alleged facts undisputed and grant summary judgment.

Second, Riverside has not demonstrated that Mr. Wear's deposition testimony is essential to obtaining facts that would defeat the Motion. Instead, Riverside broadly alleges that Mr. Wear's testimony is "extremely important" because he represented the entities Riverside contracted with in the two 2023 merchant cash advance agreements, and he would have knowledge of the transaction as one of the signatories. However, Riverside does not explain why these facts are material, nor how such facts would establish a material issue of fact, necessary to defeat the Motion as required by Civil Rule 56(d). Presumably, as the counterparty to the 2023 merchant cash advance agreements and the plaintiff in the

Connecticut action against Water Station, Riverside has knowledge of the facts in dispute. The Court is not persuaded that Riverside has met its burden.[1]

Third, the pending Motion for Leave does not prevent this Court from entering an order granting summary judgment. Riverside has not explained how the proposed amended complaint alters or modifies the relief requested in the Motion. To the contrary, the Motion for Leave appears to leave the first claim for relief (the claim at issue in the Motion) largely unmodified from the operative complaint.[2] Furthermore, the Motion for Leave is still pending before this Court. Riverside has not explained or provided legal authority establishing that the pending Motion for Leave justifies denying or delaying summary judgment.

Accordingly, Riverside has not raised any cogent argument to justify delaying or denying Water Station's request for partial summary judgment.

## ORDER

Based on the foregoing,

**IT IS ORDERED:**

Water Station's Motion (ECF No. 13) is **GRANTED**.

///End of Order///

---

[1] Additionally, Riverside had ample time to initiate discovery but failed to do so and failed to provide reasons for the failure. Riverside's argument that summary judgment should be delayed to give it more time to elicit discovery is not well taken in light of Riverside's failure to justify its lack of effort to engage in discovery to date.

[2] The only change appears to be in paragraph 4.2, where the phrase "of almost $7 million of" is inserted at the beginning of the sentence. This change is not substantive.

ORDER GRANTING PARTIAL SUMMARY JUDGMENT - 7