Robert E. Sabido, WSBA #29170
robert@sabidolawllc.com
SABIDO LAW, LLC
8215 SW Tualatin Sherwood Rd, Suite 218
Tualatin, OR 97062
Telephone: (971) 302-6236
Facsimile: (503) 974-1673

Attorney for Defendant Riverside Capital, LLC

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| REFRESHING USA, LLC,<br><br>        Debtors. | Lead Case No. 24-01863-FPC11<br><br>(Jointly Administered) |
| In re<br><br>WATER STATION MANAGEMENT LLC,<br><br>        Plaintiff,<br><br>v.<br><br>RIVERSIDE CAPITAL NY LLC,<br><br>        Defendant. | Adversary Proc. No.: 25-80017-FPC<br><br>**DEFENDANT RIVERSIDE CAPITAL, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED ADVERSARY COMPLAINT** |

Defendant Riverside Capital, LLC ("Riverside" or "Riverside Capital") answers the Second Amended Adversary Complaint ("Complaint") of Plaintiffs Water Station Management LLC, Creative Technologies, LLC, and Refreshing USA, LLC (collectively, "Water Station" or "Plaintiffs") as follows:

DEFENDANT RIVERSIDE CAPITAL, LLC'S ANSWER
AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED ADVERSARY COMPLAINT - PAGE 1

Sabido Law, LLC
8215 SW Tualatin Sherwood Rd
Suite 218, Tualatin, OR 97062
Telephone: (971) 302-6236
Facsimile: (503) 974-1673

25-80017-FPC    Doc 31    Filed 09/26/25    Entered 09/26/25 19:05:09    Pg 1 of 9

## INTRODUCTION

1.1 Riverside is without knowledge or information sufficient to admit or deny the allegations in paragraph 1.1 and, therefore, denies those allegations.

1.2 Riverside is without knowledge or information sufficient to admit or deny the allegations in paragraph 1.2 and, therefore, denies those allegations.

1.3 Riverside is without knowledge or information sufficient to admit or deny the allegations in paragraph 1.3 and, therefore, denies those allegations.

1.4 Riverside is without knowledge or information sufficient to admit or deny the allegations in paragraph 1.4 and, therefore, denies those allegations.

1.5 Riverside is without knowledge or information sufficient to admit or deny the allegations in paragraph 1.5 and, therefore, denies those allegations.

1.6 Riverside is without knowledge or information sufficient to admit or deny the allegations in paragraph 1.6 and, therefore, denies those allegations.

1.7 Riverside is without knowledge or information sufficient to admit or deny the allegations in paragraph 1.7 and, therefore, denies those allegations.

1.8 Riverside is without knowledge or information sufficient to admit or deny the allegations in paragraph 1.8 and, therefore, denies those allegations.

1.9 Riverside is without knowledge or information sufficient to admit or deny the allegations in paragraph 1.9 and, therefore, denies those allegations.

1.10 Riverside is without knowledge or information sufficient to admit or deny the allegations in paragraph 1.10 and, therefore, denies those allegations.

1.11 Admits the allegations in paragraph 1.11.

1.12 Denies the allegations in paragraph 1.12.

1.13 Denies the allegations in paragraph 1.13.

## JURISDICTION AND VENUE

2.1 Admits that this purports to be an action as alleged in paragraph 2.1.

DEFENDANT RIVERSIDE CAPITAL, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED ADVERSARY COMPLAINT - PAGE 2

Sabido Law, LLC
8215 SW Tualatin Sherwood Rd
Suite 218, Tualatin, OR 97062
Telephone: (971) 302-6236
Facsimile: (503) 974-1673

25-80017-FPC    Doc 31    Filed 09/26/25    Entered 09/26/25 19:05:09    Pg 2 of 9

2.2 Admits the allegations in paragraph 2.2.

2.3 Admits the allegations in paragraph 2.3.

2.4 Admits the allegations in paragraph 2.4.

2.5 Admits the allegations in paragraph 2.5.

2.6 Admits the allegations in paragraph 2.6.

**ALLEGED FACTS**

3.1 Riverside is without knowledge or information sufficient to admit or deny the allegations in paragraph 3.1 and, therefore, denies those allegations.

3.2 Riverside is without knowledge or information sufficient to admit or deny the allegations in paragraph 3.2 and, therefore, denies those allegations.

3.3 Riverside is without knowledge or information sufficient to admit or deny the allegations in paragraph 3.3 and, therefore, denies those allegations.

3.4 Riverside is without knowledge or information sufficient to admit or deny the allegations in paragraph 3.4 and, therefore, denies those allegations.

3.5 Riverside is without knowledge or information sufficient to admit or deny the allegations in paragraph 3.5 and, therefore, denies those allegations.

3.6 Riverside is without knowledge or information sufficient to admit or deny the allegations in paragraph 3.6 and, therefore, denies those allegations.

3.7 Riverside is without knowledge or information sufficient to admit or deny the allegations in paragraph 3.7 and, therefore, denies those allegations.

3.8 Riverside is without knowledge or information sufficient to admit or deny the allegations in paragraph 3.8 and, therefore, denies those allegations.

3.9 Riverside is without knowledge or information sufficient to admit or deny the allegations in paragraph 3.9 and, therefore, denies those allegations.

3.10 Riverside is without knowledge or information sufficient to admit or deny the allegations in paragraph 3.10 and, therefore, denies those allegations.

DEFENDANT RIVERSIDE CAPITAL, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED ADVERSARY COMPLAINT - PAGE 3

Sabido Law, LLC
8215 SW Tualatin Sherwood Rd
Suite 218, Tualatin, OR 97062
Telephone: (971) 302-6236
Facsimile: (503) 974-1673

25-80017-FPC    Doc 31    Filed 09/26/25    Entered 09/26/25 19:05:09    Pg 3 of 9

3.11 Riverside is without knowledge or information sufficient to admit or deny the allegations in paragraph 3.11 and, therefore, denies those allegations.

3.12 Riverside is without knowledge or information sufficient to admit or deny the allegations in paragraph 3.12 and, therefore, denies those allegations.

3.13 Admits the allegations in paragraph 3.13.

3.14 Riverside admits only that it entered a Purchase and Sale of Future Receivables and conducted debits pursuant to the terms of the Agreement. Riverside denies the remaining allegations in paragraph 3.14.

3.15 Admits the allegations in paragraph 3.15.

3.16 Riverside admits only that in entered a Purchase and Sale of Future Receivables the terms of which are set forth therein. Riverside denies the remaining allegations in paragraph 3.16.

3.17 Riverside admits only that it entered a Purchase and Sale of Future Receivables and conducted debits pursuant to the terms of the Agreement. Riverside denies the remaining allegations in paragraph 3.17.

3.18 Riverside admits only that in entered a Purchase and Sale of Future Receivables the terms of which are set forth therein. Riverside denies the remaining allegations in paragraph 3.18.

3.19 Denies the allegations in paragraph 3.19.

3.20 Denies the allegations in paragraph 3.20.

3.21 Riverside admits only that in entered a Purchase and Sale of Future Receivables the terms of which are set forth therein and took actions consistent with the terms of the Agreement. Riverside denies the remaining allegations in paragraph 3.21.

3.22 Riverside admits only that in entered a Purchase and Sale of Future Receivables the terms of which are set forth therein and took actions consistent with the terms of the Agreement. Riverside denies the remaining allegations in paragraph 3.22.

3.23 Denies the allegations in paragraph 3.23.

///

DEFENDANT RIVERSIDE CAPITAL, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED ADVERSARY COMPLAINT - PAGE 4

Sabido Law, LLC
8215 SW Tualatin Sherwood Rd
Suite 218, Tualatin, OR 97062
Telephone: (971) 302-6236
Facsimile: (503) 974-1673

25-80017-FPC    Doc 31    Filed 09/26/25    Entered 09/26/25 19:05:09    Pg 4 of 9

3.24    Riverside admits only that in entered a Purchase and Sale of Future Receivables the terms of which are set forth therein and took actions consistent with the terms of the Agreement. Riverside denies the remaining allegations in paragraph 3.24.

3.25    Riverside admits only that it initiated legal proceedings in the Superior Court of Connecticut. Riverside denies the remaining allegations in paragraph 3.25.

3.26    Riverside admits only that it initiated legal proceedings in the Superior Court of Connecticut. Riverside denies the remaining allegations in paragraph 3.26.

3.27    Riverside admits only that it entered into a settlement agreement the terms of which speak for themselves, and that Riverside provided a letter to Bank of America's legal service process unit. Riverside denies the remaining allegations in paragraph 3.27.

3.28    Paragraph 3.28 contains legal conclusions to which no response is required. To the extent a response is required, Riverside denies that the bank account and funds only belonged to Water Station.

3.29    Riverside is without knowledge or information sufficient to admit or deny the allegations in paragraph 3.29 and, therefore, denies those allegations.

3.30    Denies the allegations in paragraph 3.30.

## IV.  FIRST CLAIM FOR RELIEF
### (Fraudulent Transfer; 11 U.S.C. § 548(a)(1))

4.1    As to paragraph 4.1, Riverside admits and denies as alleged above.

4.2    Riverside is without knowledge or information sufficient to admit or deny the allegations in paragraph 4.2 and, therefore, denies those allegations.

4.3    Denies the allegations in paragraph 4.3.

4.4    Denies the allegations in paragraph 4.4.

4.5    Denies the allegations in paragraph 4.5.

4.6    Riverside is without knowledge or information sufficient to admit or deny the allegations in paragraph 4.6 and, therefore, denies those allegations.

DEFENDANT RIVERSIDE CAPITAL, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED ADVERSARY COMPLAINT - PAGE 5

Sabido Law, LLC
8215 SW Tualatin Sherwood Rd
Suite 218, Tualatin, OR 97062
Telephone: (971) 302-6236
Facsimile: (503) 974-1673

25-80017-FPC    Doc 31    Filed 09/26/25    Entered 09/26/25 19:05:09    Pg 5 of 9

4.7 Denies the allegations in paragraph 4.7.

## SECOND CLAIM FOR RELIEF

### (In the Alternative; Unjust Enrichment – Water Station)

5.1 As to paragraph 5.1, Riverside admits and denies as alleged above.

5.2 Admits the allegations in paragraph 5.2.

5.3 Admits the allegations in paragraph 5.3.

5.4 Paragraph 5.4 contains legal conclusions to which no response is required. To the extent a response is required, Riverside admits the allegations in paragraph 5.4.

5.5. Admits the allegations in paragraph 5.5.

5.6 Denies the allegations in paragraph 5.6.

5.7 Denies the allegations in paragraph 5.7.

## THIRD CLAIM FOR RELIEF

### (Fraudulent Transfer; 11 U.S.C. § 548(a)(1) – All Plaintiffs)

6.1 As to paragraph 6.1, Riverside admits and denies as alleged above.

6.2 Admits the allegations in paragraph 6.2.

6.3 Denies the allegations in paragraph 6.3.

6.4 Denies the allegations in paragraph 6.4.

6.5. Riverside is without knowledge or information sufficient to admit or deny the allegations in paragraph 6.5 and, therefore, denies those allegations

6.6 Denies the allegations in paragraph 6.6.

## **GENERAL DENIAL**

For each and every allegation in the Complaint and Prayer for Relief, unless expressly admitted above, Riverside denies all allegations and incorporates the reasons set forth and specifically answered above.

///

///

DEFENDANT RIVERSIDE CAPITAL, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED ADVERSARY COMPLAINT - PAGE 6

Sabido Law, LLC
8215 SW Tualatin Sherwood Rd
Suite 218, Tualatin, OR 97062
Telephone: (971) 302-6236
Facsimile: (503) 974-1673

25-80017-FPC    Doc 31    Filed 09/26/25    Entered 09/26/25 19:05:09    Pg 6 of 9

**AFFIRMATIVE DEFENSES**

1. Water Station ratified the acts by approving the settlement agreement and cannot now seek to set aside its prior approval of the settlement agreement.

2. Water Station released Riverside from any and all claims under paragraph 14 of the settlement agreement.

3. Water Station's claims are barred under the doctrine of Equitable Estoppel.

4. Water Station received value under the terms of the agreement and settlement agreement.

5. The Transfer was not made with intent to hinder, delay or defraud creditors.

6. The Transfer was made for a legitimate business purpose.

7. The principal of Water Station utilized their business judgment in approving the terms of the settlement agreement.

8. Water Station fails to state a claim upon which relief can be granted.

9. Water Station's claims are barred by the doctrine of waiver.

10. The voluntary payment doctrine bars Water Station's claims.

11. Water Station's claims are barred by the doctrine of unclean hands.

12. Water Station's claims are subject to set off.

13. Riverside was not the proximate cause of Debtor's alleged injuries.

Riverside's stated defenses are not intended and should not be deemed or construed to alter or shift any burden of proof Water Station has in connection with the claims asserted in the Complaint.

**RESERVATION OF RIGHT TO AMEND**

Riverside reserves its right to amend and to assert additional defenses and/or claims as relevant information becomes available.

///

///

DEFENDANT RIVERSIDE CAPITAL, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED ADVERSARY COMPLAINT - PAGE 7

Sabido Law, LLC
8215 SW Tualatin Sherwood Rd
Suite 218, Tualatin, OR 97062
Telephone: (971) 302-6236
Facsimile: (503) 974-1673

25-80017-FPC    Doc 31    Filed 09/26/25    Entered 09/26/25 19:05:09    Pg 7 of 9

# RULE 7008 AND 7012 STATEMENT

Riverside consents to final orders entered by the Bankruptcy Judge.

WHEREFORE, Riverside Capital prays for judgment in its favor; for dismissal of Plaintiffs' claims with prejudice; for Riverside Capital's costs and disbursements; and for any further relief that the Court decides is proper.

Dated: September 26, 2025	SABIDO LAW, LLC

*/s/ Robert E. Sabido*

Robert E. Sabido, WSBA No. 29170
robert@sabidolawllc.com
8215 SW Tualatin Sherwood Rd
Suite 218, Tualatin, OR 97062
Telephone: (971) 302-6236
Facsimile: (503) 974-1673

*Attorney for Defendant Riverside Capital LLC*

DEFENDANT RIVERSIDE CAPITAL, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED ADVERSARY COMPLAINT - PAGE 8

Sabido Law, LLC
8215 SW Tualatin Sherwood Rd
Suite 218, Tualatin, OR 97062
Telephone: (971) 302-6236
Facsimile: (503) 974-1673

25-80017-FPC    Doc 31    Filed 09/26/25    Entered 09/26/25 19:05:09    Pg 8 of 9

# CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2025, I electronically filed the foregoing DEFENDANT RIVERSIDE CAPITAL, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED ADVERSARY COMPLAINT with the Court's electronic-filing system, through which notification of such filing will be sent to the registered users in the case including:

Danny Newman
Tonkon Torp LLP
1300 SW 5th Avenue, Suite 2400
Portland, OR 97201

Christopher Pallance
Tonkon Torp LLP
1300 SW 5th Avenue, Suite 2400
Portland, OR 97201

Ava L. Schoen
Tonkon Torp LLP
1300 SW 5th Avenue, Suite 2400
Portland, OR 97201

*Attorneys for Plaintiff Water Station Management LLC*

                                                */s/ Robert E. Sabido*
                                                Robert E. Sabido